ROBERT K. CARROL, State Bar No. 81277
rcarrol@nixonpeabody.com
BRUCE E. COPELAND, State Bar No. 124888
bcopeland@nixonpeabody.com
SHADY E. JOULANI, State Bar No. 287910
sjoulani@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA  94111-3600
Tel: 415-984-8200
Fax: 415-984-8300

DEANNA R. KUNZE (née Swits) IL #6287513
*(pro hac vice pending)*
dkunze@nixonpeabody.com
NIXON PEABODY LLP
300 S. Riverside Plaza, 16th Floor
Chicago, IL 60606
Tel: 312-425-3900
Fax: 312-425-3909

Attorneys for Plaintiff
THE LAGUNITAS BREWING CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LAGUNITAS BREWING CO., | Case No. _____ |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| SIERRA NEVADA BREWING CO., | |
| Defendant. | |

Plaintiff The Lagunitas Brewing Company ("Lagunitas") complains and alleges as follows against Defendant Sierra Nevada Brewing Company ("Sierra Nevada").

## THE NATURE OF THE ACTION

1.  This is an action arising under 15 U.S.C. § 1114 for federal trademark infringement and including state law claims over which the court has supplemental jurisdiction because they arise out of the same case or controversy.  The state law claims include common law

trademark infringement, unfair business practices under California Business and Professions Code § 17200, et seq., and common law unjust enrichment.

## THE PARTIES

2.  The Lagunitas Brewing Company is a California corporation with its principal place of business at 1280 N. McDowell, Petaluma, California 94954.

3.  On information and belief, Sierra Nevada Brewing Company is a California corporation with its principal place of business at 1075 East 20th Street, Chico, California 95928.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.  This Court has personal jurisdiction over Sierra Nevada because it has committed or will commit acts of infringement in violation of 15 U.S.C. § 1114 and, on information and belief, has or will place infringing products into the stream of commerce, with the knowledge or understanding that such products will be sold in the State of California, including in this District. The acts by Sierra Nevada will cause injury to Lagunitas within this District. Upon information and belief, Sierra Nevada has sold or intends to sell its infringing products within this District, expects its actions to have consequences within this District, and derives substantial revenue from interstate commerce.

6.  Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c) because Sierra Nevada transacts business within this district and has or intends to offer for sale in this district products that infringe the Lagunitas registered trademarks. In addition, venue is proper because Lagunitas' principal place of business is in this district and Lagunitas will suffer harm in this district. Moreover, a substantial part of the events giving rise to the claim occurred in this

district. Pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-wide basis.

## FACTUAL BACKGROUND

7. Founded in 1993, Lagunitas has become one of the fastest growing craft breweries in the United States. Based in Petaluma, California, Lagunitas began by distributing its products in California. By 1997, Lagunitas was distributing its flagship Lagunitas IPA in Maryland and Oregon as well. Today, Lagunitas distributes its craft beers, including its flagship Lagunitas IPA, in 44 states and three other countries and recently opened a second production facility in Chicago, Illinois.

### The Lagunitas IPA and Its Iconic "IPA" Family of Trademarks

8. Lagunitas consistently produces top-quality, critically-heralded beers, and, while it produces a variety of beers, Lagunitas is most-recognized for its ales. The most notable, widely-recognized, and longest-selling of these ales is the Lagunitas IPA, an India Pale Ale. Marketed and sold using the large, all-capital, bold, black, centralized "IPA" lettering in its labels, packaging, and family of trademarks, as shown below:



Figure 1.                              Figure 2.

9. When Lagunitas began selling its now iconic IPA beer in 1995, there existed only a handful of other brewers who produced an India Pale Ale, and, on information and belief, no other company had marketed or sold its India Pale Ale using the acronym "IPA." Instead, brewers focused their brand identities around visual cues involving either sea travel or themes representative of the culture of India.

10. The founder and current Chief Executive Officer of Lagunitas, Tony Magee, followed a different path for the Company's flagship beer and designed the labels to prominently feature the acronym "IPA." Since then, the Lagunitas IPA has become the Company's flagship beer. It is available year-round and has been the top-selling India Pale Ale in California for the past decade—and one of the best-selling India Pale Ales in the nation.

11. While other brewers have adopted the shorthand parlance of "IPA" to market their India Pale Ales, only Lagunitas is identified with the large, bold, black, centralized "IPA" lettering shown in Figures 1 and 2 above. In addition to its distinguishable IPA beer, much of the success of the Lagunitas IPA can be attributed to its iconic "IPA" family of trademarks. The Lagunitas "IPA" trademarks have become well-known and well-recognized in the craft brew industry specifically, and in the alcoholic beverage industry, generally. Consumers of beer and other alcoholic beverages recognize the Lagunitas "IPA" Family of Trademarks as signifying the quality of India Pale Ale that they have come to associate with the Lagunitas IPA exclusively.

12. Indeed, Lagunitas has invested substantial amounts of time and millions of dollars in promoting the Lagunitas IPA with the Lagunitas "IPA" family of trademarks. Lagunitas is unique among many of its competitors in that the Company's founder, Tony Magee, still designs the beer labels and strives to instill personality into each of the beer recipes and the corresponding labels and packaging the Company makes. As a result of the efforts of Lagunitas over almost 20 years of continuous use, its trademarks have gained an excellent reputation and a high degree of recognition among the beer consuming public.

13. Lagunitas is the owner of several United States federal trademark registrations for its family of "IPA" label and packaging designs used in connection with the sale of the Lagunitas IPA, as represented in Figures 3-6 below: U.S. Registration No. 3,401,147 (the "'147 Mark"); U.S. Registration No. 4,457,914 (the "'914 Mark"); U.S. Registration No. 4,457,912 (the "'912 Mark"); and U.S. Registration No. 4,457,906 (the "'906 Mark"). Together, these four trademarks as known as the "Lagunitas Registered 'IPA' Family of Trademarks," and true and correct copies of the registration certificates for each of the four marks are attached hereto as Exhibits A-D.

4
COMPLAINT AND DEMAND FOR JURY TRIAL


Figure 3. U.S. Registration No. 3,401,147


Figure 4. U.S. Registration No. 4,457,914


Figure 5. U.S. Registration No. 4,457,912


Figure 6. U.S. Registration No. 4,457,906

14. Lagunitas first introduced the core of this iconic design to the marketplace in 1995 and has invested substantial amounts of time and money in promoting its craft ale products under its iconic Lagunitas "IPA" Family of Trademarks, including two as depicted below:




Figure 7. Lagunitas IPA marketing item    Figure 8. Lagunitas IPA marketing item

15. Lagunitas likewise has applied and been approved for federal trademark registrations for these additional "IPA" trademarks used in labeling and promoting the Lagunitas IPA, as represented in Figures 9-10 below: U.S. Serial No. 86136177 (the "'177 Application") and U.S. Serial No. 86136181 (the "'181 Application"). Together with the Lagunitas Registered "IPA" Family of Trademarks, these six trademarks comprise the "Lagunitas 'IPA' Family of Trademarks." True and correct copies of the Notices of Approval for each of the two approved

marks are attached hereto as Exhibits E-F.

 

Figure 9.  U.S. Serial No. 86136177         Figure 10.  U.S. Serial No. 86136181

16.    Through long-term, ongoing and substantial use of the large, all-capital, bold, black and centralized "IPA" lettering, the Lagunitas "IPA" Family of Trademarks has become well-known and well-recognized in the craft brew industry as associated with and signifying Lagunitas and the Lagunitas IPA.  Lagunitas is well-known for using its distinctive "IPA" lettering in a manner that it is the center and focal point of the overall design.  The unique "IPA" lettering used in the Lagunitas "IPA" Family of Trademarks has a distinctive serif font, distinctive kerning (or letter spacing), between the "P" and the "A", slightly aged or weathered look, with uneven areas on each of the letters, and the elimination of any periods between the letters.  These elements together are unique to the iconic design of the Lagunitas IPA.  The overall effect of these factors (the all-capital, large, bold, black serif lettering style, and the placement with respect to other wording and design elements) creates a unique, iconic design that is associated with and signifies Lagunitas and its associated reputation for excellence in the craft brew industry and among consumers.

**Sierra Nevada's Infringing "Hop Hunter" IPA**

17.    On information and belief, Sierra Nevada Brewing has its corporate headquarters in Chico, California, maintains a tasting room in Berkeley, California, and is preparing to open a second brewery in Mills River, North Carolina in 2015.  On information and belief, Sierra Nevada will produce over 1 million barrels of beer in 2014, generating more than $250 million in sales, making it the second largest private craft brewery by volume in the United States.  On

information and belief, Sierra Nevada distributes beer in all 50 states and across multiple international markets.

18. Recently, Lagunitas became aware that Sierra Nevada has plans to release a new India Pale Ale product, "Hop Hunter IPA," using label elements that infringe the Lagunitas "IPA" Family of Trademarks.

19. Sierra Nevada proposes to use the following logo designs and packaging in connection with its product:




Figure 11. Proposed Sierra Nevada Label     Figure 12. Proposed Sierra Nevada Neck Label

20. This proposed design uses all capital, large, bold, black "IPA" lettering in a font selection that is remarkably similar to the iconic Lagunitas design and, indeed, is the central and most prominent feature of the new Sierra Nevada design, emulating the iconic Lagunitas Family of IPA Trademarks. This proposed design even uses the kerning between the "P" and the "A" characters that is distinctive to the Lagunitas Family of IPA Trademarks, and in the case of the "neck" label, the proposed Sierra Nevada "IPA" lettering is depicted with the aged or weathered look distinctive to the iconic Lagunitas IPA Family of Trademarks.

21. Significantly, Sierra Nevada now appears to be making a radical departure from its traditional label designs which feature "IPA" lettering in much smaller text, usually preceded by another term (i.e., "Fresh Hop," "Extra," "Rye", "Red," etc.) of the same text size and which feature outdoor/nature scenes. Instead, as demonstrated in Figure 13, the proposed Hop Hunter IPA design is strikingly different from its prior imagery used with its India Pale Ales:



Figure 13.  Sierra Nevada India Pale Ales

22. These designs also are a radical departure from the design used by Sierra Nevada in registering its "HOP HUNTER" word mark as shown in Figure 14:



Figure 14.  Sierra Nevada "Hop Hunter" Statement of Use

23. The similarity between Sierra Nevada's prominent all-capital, large, bold, black, centralized – and, in key instances, aged or weathered – "IPA" lettering in its IPA design and the Lagunitas "IPA" Family of Trademarks will create confusion among consumers as to the origin of the IPA given that both designs are used in connection with craft brew India Pale Ale.

24. Indeed, the likelihood of confusion as to origin increases when a consumer views the parties' respective marks from those settings in which a consumer would typically view the

parties' respective products – at a distance within a bar or sitting on a refrigerated store shelf. When viewing Sierra Nevada's IPA Logo designs from a distance, particularly the "neck" label, the consumer will likely not see the "HOP HUNTER" wording that appears in lighter, less prominent lettering than the "IPA" lettering. As shown in Figure 15, the "HOP HUNTER" lettering superimposed on the "IPA" lettering on the "neck" label is much less visible than the "IPA" lettering – and appears almost ghostlike – when seen in this context.

25. There also exists marked similarity between the proposed Sierra Nevada "Hop Hunter IPA" Six-pack packaging and the Lagunitas "IPA" Six-pack packaging, bearing (registered in its entirety as shown in Figure 6 above). Sierra Nevada incorporates not only the prominent large, all-capital, bold, black, centralized "IPA" lettering but that design echoes the surrounding hops leaf imagery and incorporates a similar color scheme into its faded green background. The consumer, quickly visiting its local retail outlet's section of India Pale Ales, is likely to be confused as to the source of the IPA based on the overall imitation of the Lagunitas "IPA" Six-Pack, as demonstrated in Figures 15-16:

Figure 15. Sierra Nevada Six-Pack        Figure 16. Lagunitas Six-Pack

26. In fact, Lagunitas already has been contacted by its distributors, who, on information and belief, also are distributors of Sierra Nevada, regarding their concern over consumer confusion in the marketplace between the Lagunitas IPA and Sierra Nevada's new Hop

9
COMPLAINT AND DEMAND FOR JURY TRIAL

1  Hunter IPA logo and designs.

2      27. Just as significant, however, is the likelihood of confusion as to the sponsorship or
3  approval by Lagunitas of the infringing Sierra Nevada Hop Hunter IPA.  Sierra Nevada is well-
4  known in the craft brew industry for its collaboration with other brewers.  For instance, Sierra
5  Nevada has recently issued a 12-pack variety of beers under the name "Beer Camp" that is the
6  result of its collaboration with twelve other brewers.  One such recent example is the "Hoppy
7  Lager" that, on information and belief, is a collaboration between Sierra Nevada and Ballast Point
8  Brewing Company located in San Diego, California.  Figure 17 shows the collaboration Hoppy
9  Lager, the proposed Sierra Nevada Hop Hunter IPA, and prior Sierra Nevada IPA offerings:



Figure 17.  Comparison of Sierra Nevada Pale Ale, Torpedo IPA, Beer Camp Hoppy Lager, and Proposed Hop Hunter IPA.

21      28. Particularly given this reputation for collaboration with other brewers, and based
22  upon the obvious similarities to the Lagunitas "IPA" Family of Trademarks, there exists a great
23  likelihood that consumers mistakenly will believe that the "Hop Hunter IPA" is a collaboration
24  with Lagunitas, and, thereby, sponsored or approved by Lagunitas.

25      29. This creates a consumer-perceived connection between the two breweries, thus
26  providing Sierra Nevada with a shortcut to consumer acceptance of their India Pale Ale offering.

27      30. In radically departing from Sierra Nevada's historical label designs that feature
28  "IPA" lettering in smaller text, usually preceded by another term and in connection with

COMPLAINT AND DEMAND FOR JURY TRIAL

outdoor/nature scenes, Sierra Nevada will cause confusion in the marketplace with its proposed Hop Hunter IPA designs. In this regard, Sierra Nevada's contemplated Hop Hunter IPA Designs will clearly and plainly violate the rights that Lagunitas has developed in its "IPA" Family of Trademarks.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement)**

**(15 U.S.C. § 1114)**

31. Lagunitas incorporates and realleges paragraphs 1 through 30 of this Complaint.

32. Lagunitas owns several federal trademark registrations for its distinctive Lagunitas IPA label and packaging artwork used in its product design and packaging, i.e., the Lagunitas Registered "IPA" Family of Trademarks.

33. The proposed Sierra Nevada "Hop Hunter IPA" line of products has infringed or will infringe the Lagunitas Registered "IPA" Family of Trademarks by using variations of those logos and artwork in Sierra Nevada's products.

34. Sierra Nevada's use of the infringing logos and artwork is likely to cause confusion or mistake, or to deceive the consumer as to the affiliation, connection or association of Sierra Nevada with Lagunitas, or as to the origin, sponsorship, or approval by Lagunitas of Sierra Nevada's goods, services or commercial activities.

35. Sierra Nevada's use of the infringing logos and artwork enables Sierra Nevada to benefit unfairly from Lagunitas' reputation and success, thereby giving Sierra Nevada's infringing products sales and commercial value they would not have otherwise.

36. Prior to Sierra Nevada's first use of the infringing logos and artwork, Sierra Nevada was aware of Lagunitas' business and had either actual notice and knowledge, or constructive notice of, the Lagunitas Registered "IPA" Family of Trademarks.

37. Sierra Nevada's unauthorized use of the infringing logos and artwork is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of the Sierra Nevada "Hop Hunter IPA" line of products and/or to cause confusion or mistake as to any affiliation, connection or association between Lagunitas and

Sierra Nevada, in violation of 15 U.S.C. § 1114(a).

38. Lagunitas is informed and believes, and on that basis alleges, that Sierra Nevada's infringement of the Lagunitas Registered "IPA" Family of Trademarks as described herein has been or will be, intentional, willful and without regard to Lagunitas' rights.

39. Lagunitas is informed and believes, and on that basis alleges, that Sierra Nevada intends to gain profits by virtue of its infringement of the Lagunitas Registered "IPA" Family of Trademarks.

40. Lagunitas will suffer irreparable harm from Sierra Nevada's infringement of the Lagunitas Registered "IPA" Family of Trademarks insofar as Lagunitas' invaluable goodwill will be eroded by Sierra Nevada's continuing infringement. Lagunitas has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from Sierra Nevada's infringing activities. Pursuant to 15 U.S.C. § 1116, Lagunitas is entitled to an injunction against Sierra Nevada's continuing infringement of the Lagunitas Registered "IPA" Family of Trademarks. Unless enjoined, Sierra Nevada will continue its infringing conduct.

41. Because Sierra Nevada's actions will be or have been committed with intent to damage Lagunitas and to confuse and deceive the public, Lagunitas is entitled to treble its actual damages or Sierra Nevada's profits, whichever is greater, to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 1117(b).

**SECOND CLAIM FOR RELIEF**

**(Common Law Trademark Infringement)**

42. Lagunitas incorporates and realleges paragraphs 1 through 41 of this Complaint.

43. Lagunitas has prior rights in the Lagunitas Registered "IPA" Family of Trademarks, as well as its unregistered trademarks and those reflected in approved applications, together the Lagunitas "IPA" Family of Trademarks.

44. The Sierra Nevada "Hop Hunter IPA" line of products have infringed or will infringe the Lagunitas "IPA" Family of Trademarks by using identical or similar logos and

artwork in Sierra Nevada's products, specifically its Hop Hunter IPA.

45. Sierra Nevada's use of its infringing logos and artwork is likely to cause confusion or mistake, or to deceive the consumer as to the affiliation, connection or association of Sierra Nevada with Lagunitas, or as to the origin, sponsorship, or approval by Lagunitas of Sierra Nevada's goods, services or commercial activities.

46. Sierra Nevada's use of the infringing logos and artwork enables Sierra Nevada to benefit unfairly from Lagunitas' reputation and success, thereby giving Sierra Nevada's infringing products sales and commercial value they would not have otherwise.

47. Prior to Sierra Nevada's first use of the infringing logos and artwork, Sierra Nevada was aware of Lagunitas' business and had either actual notice and knowledge, or constructive notice of the Lagunitas "IPA" Family of Trademarks.

48. Sierra Nevada's unauthorized use of the infringing logos and artwork is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of the Sierra Nevada "Hop Hunter IPA" line of products and/or to cause confusion or mistake as to any affiliation, connection or association between Lagunitas and Sierra Nevada, in violation of 15 U.S.C. § 1114(a). Lagunitas is informed and believes, and on that basis alleges, that Sierra Nevada's infringement of the Lagunitas "IPA" Family of Trademarks as described herein has been and continues to be intentional, willful and without regard to Lagunitas' rights in the Lagunitas "IPA" Family of Trademarks.

49. Lagunitas is informed and believes, and on that basis alleges, that Sierra Nevada will gain profits by virtue of its infringement of the Lagunitas "IPA" Family of Trademarks.

50. Lagunitas will suffer irreparable harm from Sierra Nevada's infringement of the Lagunitas "IPA" Family of Trademarks insofar as its invaluable goodwill is being eroded by Sierra Nevada's continuing infringement. Lagunitas has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from Sierra Nevada's infringing activities. Lagunitas is entitled to an injunction against Sierra Nevada's infringement of the Lagunitas "IPA" Family of Trademarks. Unless enjoined, Sierra Nevada will continue its infringing conduct.

13
COMPLAINT AND DEMAND FOR JURY TRIAL

51. Because Sierra Nevada's actions have been committed with intent to damage Lagunitas and to confuse and deceive the public, Lagunitas is entitled to treble its actual damages or Sierra Nevada's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 1117(b).

### THIRD CLAIM FOR RELIEF

**(Unfair Business Practices – California Business and Professions Code § 17200, *et seq.*)**

52. Lagunitas incorporates and realleges paragraphs 1 through 51 of this Complaint.

53. The acts of Sierra Nevada described above constitute unfair competition through unlawful, unfair or fraudulent business practices and/or unfair, deceptive, untrue or misleading advertising, as defined by California Business & Professions Code § 17200, *et seq.*

54. Lagunitas has valid and protectable prior rights in the Lagunitas "IPA" Family of Trademarks. The Lagunitas "IPA" Family of Trademarks do not serve any function other than to identify Lagunitas as the source of its products. The Lagunitas "IPA" Family of Trademarks is inherently distinctive, and, through Lagunitas' long use, have come to be associated solely with Lagunitas as the source of the product(s) on which they are used.

55. Sierra Nevada's use of its infringing Hop Hunter IPA logo and design is likely to cause confusion as to the source of Sierra Nevada's products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Sierra Nevada and Lagunitas or that Sierra Nevada's products are affiliated with or sponsored by Lagunitas.

56. The above-described acts and practices by Sierra Nevada are likely to mislead or deceive the general public and therefore constitute unfair competition in violation of California Business & Professions Code §§ 17200, *et seq*.

57. The above-described acts constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are, therefore, unlawful acts in violation of California Business & Professions Code §§ 17200, *et seq*.

58. Sierra Nevada acted willfully and intentionally in designing its infringing trademarks, with full knowledge of Lagunitas' prior rights in the distinctive Lagunitas "IPA"

Family of Trademarks and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Sierra Nevada and Lagunitas or between Sierra Nevada's products and Lagunitas' products.

59. The unlawful, unfair, and fraudulent business practices of Sierra Nevada described above present a continuing threat to, and are meant to deceive members of, the public in that Sierra Nevada will promote its products by wrongfully trading on the goodwill of the Lagunitas "IPA" Family of Trademarks.

60. As a direct and proximate result of these acts, Sierra Nevada will profit from the strength of the Lagunitas "IPA" Family of Trademarks.

61. As a direct and proximate result of Sierra Nevada's wrongful conduct, Lagunitas will be injured in fact and will lose market share, money, and profits, and such harm will continue unless Sierra Nevada's acts are enjoined by the Court. Lagunitas has no adequate remedy at law for Sierra Nevada's violation of Lagunitas' rights.

62. Sierra Nevada should be required to restore to Lagunitas any and all profits earned as a result of their unlawful and fraudulent actions, or to provide Lagunitas with any other restitutionary relief as the Court deems appropriate.

## **FOURTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

63. Lagunitas incorporates and realleges paragraphs 1 through 62 of this Complaint.

64. As a result of the conduct alleged herein, Sierra Nevada will be unjustly enriched to Lagunitas' detriment.  Lagunitas seeks a worldwide accounting and disgorgement of any and all ill-gotten gains and profits that result from Sierra Nevada's inequitable activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Lagunitas prays for relief, as follows:

1. An order preliminarily and permanently enjoining Sierra Nevada and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in

concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the Lagunitas "IPA" Family of Trademarks, or using any other product or packaging design or designations similar to or likely to cause confusion with the Lagunitas "IPA" Family of Trademarks, from passing off Sierra Nevada's products as being associated with and/or sponsored or affiliated with Lagunitas, from committing any other unfair business practices directed toward obtaining for themselves the business and customers of Lagunitas, and, from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Lagunitas;

2. Actual damages suffered by Lagunitas as a result of Sierra Nevada's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

3. Reasonable funds for future corrective advertising;

4. An accounting of Sierra Nevada's profits pursuant to 15 U.S.C. § 1117;

5. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

6. Punitive damages pursuant to California Civil Code § 3294;

7. Restitutionary relief against Sierra Nevada and in favor of Lagunitas, including disgorgement of wrongfully obtained profits and any other appropriate relief;

8. Costs of suit and reasonable attorneys' fees;

9. Any other remedy to which Lagunitas may be entitled, including all remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof Code §§ 17200, *et seq.,* 17500, *et seq.,* and under any other California law.

DATED: January 12, 2015            NIXON PEABODY LLP

By:   */s/ Robert K. Carrol*
      ROBERT K. CARROL
      BRUCE E. COPELAND
      SHADY E. JOULANI
      DEANNA R. KUNZE
      Attorneys for Plaintiff
      LAGUNITAS BREWING CO.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lagunitas hereby demands a trial by jury on all issues raised by the Complaint.

DATED: January 12, 2015             NIXON PEABODY LLP

                                    By:   /s/ Robert K. Carrol
                                          ROBERT K. CARROL
                                          BRUCE E. COPELAND
                                          SHADY E. JOULANI
                                          DEANNA R. KUNZE
                                          Attorneys for Plaintiff
                                          LAGUNITAS BREWING CO.

COMPLAINT AND DEMAND FOR JURY TRIAL